*In re* MARRIAGE OF ROBIN G. SKINNER, Petitioner-Appellee, and CALVIN L. SKINNER, JR., Respondent-Appellant.

First District (4th Division)   No. 85—0785

Opinion filed November 20, 1986.

George B. Collins, of Collins & Uscian, and Jerome Marvin Kaplan and Linda S. Kagan, all of Chicago, for appellant.

Arvey, Hodes, Costello & Burman, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

The circuit court of Cook County enrolled two orders of the circuit court of McHenry County. The first order dissolved the marriage of petitioner, Robin Skinner, and respondent, Calvin Skinner, Jr. The second order awarded custody to their daughter, Alexandra, to Robin, with unrestricted visitation by Calvin. After enrolling these orders, the Cook County court ordered that Calvin could visit Alexandra only with supervision. Calvin appeals, contending that the Cook County court erred in both enrolling the orders of the McHenry County court and in modifying the child custody order from that court.

We reverse.

The McHenry County court entered an order dissolving the marriage of Robin and Calvin on May 31, 1984. On August 31, 1984, that court entered its custody order, which provided, in part, for unrestricted visitation by Calvin according to an agreed schedule. On November 2, 1984, the McHenry County court entered judgment on all remaining issues, including division of property, maintenance, and child support.

On November 7, 1984, Robin petitioned the Cook County court to

enroll the dissolution and child-support orders. In her petition she characterized the May 31, 1984, dissolution order as "final." She also alleged that the McHenry County court entered judgment as to the remaining issues, but did not state the date on which the court entered judgment. On the same day, the Cook County court entered, *ex parte*, an order that enrolled only the dissolution and child-custody orders. The Cook County court continued the matter until November 30, 1984. On that date, at the close of an evidentiary hearing and argument, the court entered a permanent enrollment order.

After holding several hearings, the Cook County court, from the bench on February 5, 1985, modified the McHenry County court's child-custody order. The Cook County court ordered, *inter alia*, that Calvin was to visit his daughter only with supervision. The court entered a written order on February 8, 1985, that reflected its oral ruling. Calvin appeals.

Calvin first claims that the Cook County court erred in enrolling the child-custody order of the McHenry County court. He contends that McHenry County is the proper venue for the matter, based on the date of the Cook County enrollment and his and Robin's residency. Robin contends that venue properly belongs in Cook County.

Section 512 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 512) (hereinafter Act) provides in pertinent part as follows:

"Sec. 512. Post-judgment venue. After 30 days from the entry of a judgment of dissolution of marriage or the last modification thereof, any further proceedings to enforce or modify the judgment shall be as follows:

\* \* \*

(b) If one or both of the parties then resides in the judicial circuit wherein the judgment was entered or last modified, further proceedings shall be had in the judicial circuit that last exercised jurisdiction in the matter; provided, however, that the court may in its discretion, transfer matters involving a change in child custody to the judicial circuit where the minor or dependent child resides.

(c) If neither party then resides in the judicial circuit wherein the judgment was entered or last modified, further proceedings shall be had in that circuit or in the judicial circuit wherein either party resides or where the respondent is actively employed; provided, however, that the court may, in its discretion, transfer matters involving a change in child custody to the judicial circuit where the minor or dependent child re-

sides." Ill. Rev. Stat. 1983, ch. 40, par. 512.

Calvin first contends that the Cook County court enrolled the McHenry County court's child-custody order before 30 days had passed from the McHenry County court's entry of a final dissolution judgment. Robin contends that more than 30 days had passed from that court's entry of a final judgment.

After reviewing the record, we find that the Cook County court enrolled the McHenry County court's orders before 30 days had passed from that court's entry of a final dissolution judgment. We base this finding on the plain meaning of section 512 of the Act and the status of a child-custody order in a dissolution proceeding. Thus, we conclude that venue properly belongs in McHenry County and not in Cook County.

I

A party may invoke section 512 of the Act only after "30 days from the entry of a judgment of dissolution of marriage or the last modification thereof." (Ill. Rev. Stat. 1983, ch. 40, par. 512.) The record shows that the Cook County court, in enrolling the child-custody order, found that the 30-day time period began from the date of that particular issue before it, *i.e.*, August 31, 1984. The court considered the order to be, in effect, a final judgment for the custody of Alexandra; the court found that the order completely and finally disposed of all custody matters in the litigation. The Cook County court reasoned that it could enroll the child-custody order since the McHenry County court entered it on August 31, 1984, making the order more than 30 days old.

The Cook County court based its decision to enroll the child-custody order on its interpretation of the Act's 30-day waiting period. Although this court defers to the findings of the trial court on disputed factual issues, the scope of our review on questions of law is independent, not deferential. *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 567, 429 N.E.2d 1292, 1298.

■ The cardinal rule of all statutory construction, to which other rules are subordinate, is that courts must ascertain and give effect to the true intent and meaning of the legislature. The language used in a statute is the primary source for determining this intent; where that language is certain and unambiguous, the proper function of the courts is to enforce the statute as enacted. Absent statutory definitions indicating a different legislative intention, courts will assume that words have their ordinary and popularly understood meaning. *General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 112,

338 N.E.2d 561, 564.

■ Applying these principles to the instant case, we conclude that section 512 of the Act is clear and unambiguous. That section requires that 30 days pass from a trial court's "entry of a judgment of dissolution of marriage or the last modification thereof" before another court may enforce or modify that judgment of dissolution. (Ill. Rev. Stat. 1983, ch. 40, par. 512.) Inasmuch as the Cook County court considered the child-custody order to be effectively final, and since the order was more than 30 days old, the court enrolled the order. This was error.

■ Section 512 of the Act requires a judgment of dissolution of marriage. A custody order, however final, is not a judgment of dissolution of marriage. Neither the McHenry County court's dissolution order of May 31, 1984, nor its custody order of August 31, 1984, were judgments of dissolution of marriage for the purpose of applying section 512. That court entered judgment of dissolution of marriage, disposing of all remaining issues, on November 2, 1984. The Cook County court enrolled, *ex parte*, the child-custody order on November 7, 1984, and entered a permanent enrollment order on November 30, 1984. Since the Cook County court enrolled the child-custody order before 30 days had passed from the McHenry County court's entry of judgment of dissolution of marriage, we must reverse the enrollment.

## II

Our holding that a child-custody order is not a judgment of dissolution finds support not only in the plain language of section 512 of the Act, but also in the holding and policy of *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137. In *Leopando* our supreme court held that a child-custody order is not a final judgment in a dissolution proceeding. 96 Ill. 2d 114, 118, 449 N.E.2d 137, 139.

■ The *Leopando* court observed that a petition for dissolution requests solely a judgment dissolving the parties' marriage. The court then reasoned that the numerous other issues involved in dissolution proceedings, *e.g.*, child custody, property disposition, and support, are ancillary to the cause of action. The court did not consider them separate, unrelated claims but, rather, separate issues relating to the same claim. Thus, a trial court does not fully adjudicate a petition for dissolution of marriage until all of the ancillary issues are resolved. 96 Ill. 2d 114, 119, 449 N.E.2d 137, 140.

Relying on *Leopando*, Calvin contends that the Cook County court erred in enrolling the McHenry County court's child-custody order because such an order is not a judgment of dissolution but, rather, an

issue ancillary to the judgment of dissolution. Robin, citing *In re Marriage of Ohlson* (1984), 126 Ill. App. 3d 374, 466 N.E.2d 1280, *In re Marriage of Lord* (1984), 125 Ill. App. 3d 1, 465 N.E.2d 151, *In re Marriage of Kondos* (1982), 109 Ill. App. 3d 615, 440 N.E.2d 1046, *In re Marriage of Mitchell* (1981), 103 Ill. App. 3d 242, 430 N.E.2d 716, and *In re Marriage of Herron* (1979), 74 Ill. App. 3d 748, 393 N.E.2d 1153, contends that a child-custody order is a final order for every purpose, although interlocutory for purposes of appeal.

We disagree with Robin and conclude that the policy of *Leopando* against piecemeal litigation applies to section 512 of the Act. This court decided *Kondos*, *Mitchell*, and *Herron* before our supreme court decided *Leopando*. Further, neither *Ohlson* nor *Lord* involved the enrollment of an order under section 512. The plain language of section 512 requires a judgment of dissolution. A child-custody order, by definition and according to *Leopando*, is not a judgment of dissolution. Because of our disposition of this cause, we need not reach the other issues that Calvin raises.

For the foregoing reasons, the orders of the circuit court of Cook County that enrolled the child-custody order of the circuit court of McHenry County are reversed.

Reversed.

JIGANTI and McMORROW, JJ., concur.