THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. UNITED STATES CURRENCY $3,108, Defendant-Appellee.

First District (6th Division)    No. 1—89—1825

Opinion filed September 6, 1991.

Jack O'Malley, State's Attorney, of Chicago (Renee G. Goldfarb, Guy L. Miller IV, and Margaret I. Iwerebon, Assistant State's Attorneys, of counsel), for the People.

Gibson, Steinback & Gillespie, of Chicago (Marc W. Martin, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

After a bench trial, the State's complaint for forfeiture of seized currency was denied. (Ill. Rev. Stat. 1987, ch. 56½, par. 1505.) On appeal, the State contends that the trial court's decision was against the manifest weight of the evidence.

The forfeiture complaint alleged that the State had confiscated $3,108 from Scott Falcone because that currency was used or intended to be used to facilitate the violation of the Controlled Substances Act on August 25, 1987. (See Ill. Rev. Stat. 1987, ch. 56½, par. 1505(a)(5).) The complaint prayed that the seized currency be declared contraband and forfeited and that Falcone's interest in the currency be terminated.

In his answer Falcone denied that he was in possession of a controlled substance on August 25. He admitted that on that date he possessed the money seized by the law enforcement officers. He further admitted that certain controlled substances were seized on that date at that address but denied the drugs were in his possession. He de-

nied the money was subject to forfeiture and prayed its return to him and dismissal of the complaint.

Chicago police officer James Ahern testified at the forfeiture proceeding that on August 25, 1987, he executed a search warrant at 10731 Lloyd Drive in Worth, Illinois. The search warrant named "Falcone" at that address. After he entered the apartment, he first encountered defendant's mother and sister. While Ahern was searching a bedroom in the apartment, defendant entered the apartment and stated that "the bedroom was his. Everything in the bedroom was his." Ahern testified that defendant opened a portable safe in the bedroom which contained "an amount of United States currency, narcotics paraphernalia, containing—consisting of a scale, grinder, spoons *** $3,108 in U. S. currency, a large plastic bag containing about 4 or 5 ounces of white powder and some jewelry."

Ahern admitted on cross-examination that the plastic bag of white powder recovered from the safe did not test positive for cocaine. He testified he also recovered three pockets of cocaine totalling .89 grams from the hamper in the common bathroom used by all persons in the apartment. From Falcone's person he recovered a key ring with keys to the apartment but did not recall recovering any money from defendant or from his dresser. Ahern acknowledged that his report did not indicate that narcotics paraphernalia was found in the safe. He also acknowledged that his report listed an estimated total weight of 16 grams for the powder seized from the safe and the three packets of cocaine from the hamper.

The trial court found that the evidence failed to establish that the white powder was a cutting agent to be used in preparation of narcotics for sale. The judge stated: "You have a scale. A grinder—they're not narcotics paraphernalia unless they're used, the person sees them grinding narcotics or weighing drugs *** they're equivocal objects until they acquire a secondary meaning. *** The evidence shows *** drugs present in the hamper, monies in the locked safe ***." The trial court concluded that the evidence did not show any nexus between the money found in the safe and cocaine found in the hamper and denied the forfeiture petition.

The State filed a motion to reconsider based on the close proximity of the cocaine packets in the hamper and the money in the safe even though bedroom and bathroom were "one room away from each other." The State also argued the close proximity of the white powder and narcotics paraphernalia and money all in the safe that had to be opened by defendant established a presumption in favor of the State which defendant has not rebutted and that the State therefore had

proved a *prima facie* case. The defendant responded that there was no evidence that the powder in the safe was a cutting agent, that the cocaine was found in the hamper in a common bathroom used by all three people living in the apartment, and that there was no evidence of cocaine residue on the grinder or scale and therefore no nexus between the cocaine from the hamper and the scale, grinder and currency from the safe.

In denying the motion to reconsider, the court stated:

"In the safe *** are three equivocal objects, a scale, there is powder, *** a grinder, and if there were any drugs in there, those can be construed to be drug paraphernalia. Absent any evidence of [*sic*] the contrary, they are just equivocal objects maybe to be used in the drug business but they are not drug paraphernalia ***."

He found that because small amounts of drugs were found in the hamper in the common bathroom used by all three people no person was shown to be in possession of those drugs. The court found:

"[T]here is no nexus between the drugs at [*sic*] which nobody has possession and equally accessible to many people, and the money that was locked in the safe, which is accessible to one particular person, where there is no drug paraphernalia."

Upon appeal plaintiff contends that the trial court erred in denying its forfeiture complaint because the State adequately raised the presumption that the funds were forfeitable, and Falcone failed to rebut this presumption.

■■ Section 505(a)(1) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1987, ch. 56½, par. 1505(a)(5)) reads in pertinent part:

"(a) The following are subject to forfeiture:

\* \* \*

(5) everything of value furnished or intended to be furnished, in exchange for a substance in violation of this Act, *** and all moneys *** used, or intended to be used, to facilitate any violation of this Act ***. All moneys, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distributing paraphernalia *** are rebuttably presumed to be forfeitable under this Act."

■ Forfeiture proceedings are *in rem* and therefore civil in nature. (*People v. Ziomek* (1989), 179 Ill. App. 3d 303, 306, 534 N.E.2d 538; *People ex rel. Power v. One 1979 Chevrolet Camaro* (1981), 96 Ill. App. 3d 109, 112, 420 N.E.2d 770.) The State must prove its right to the items by a preponderance of the evidence, and the trial court's decision will be upheld unless contrary to law or con-

trary to the manifest weight of the evidence. (*People v. Ziomek*, 179 Ill. App. 3d at 306.) Derivative contraband consists of property which is innocent in itself but which has been used in the perpetration of an illegal act, *e.g.*, cash derived from the sale of illegal drugs. *People v. Ziomek*, 179 Ill. App. 3d at 307; *In re $53,263* (1987), 159 Ill. App. 3d 114, 118, 512 N.E.2d 740, 742.

In *People v. Snyder* (1977), 52 Ill. App. 3d 612, 615, 367 N.E.2d 752, money was found in a locked cabinet along with a record book of a marijuana distributing operation. Defendant admitted ownership of the book and participation in certain transactions and forfeiture was affirmed.

In *People v. Ziomek* (179 Ill. App. 3d 303), the State seized a quantity of unregistered weapons and ammunition from defendant. The trial court denied the forfeiture petition, found the defendant had a property right in the seized weapons but could not lawfully possess them in Chicago and ordered them returned to defendant outside the city limits. The reviewing court reversed the trial court, finding the weapons to be contraband *per se* and subject to forfeiture.

The court in *People ex rel. Daley v. $9,403* (1985), 131 Ill. App. 3d 188, 192, 476 N.E.2d 80, affirmed the trial court's order of forfeiture finding that defendant failed to rebut the statutory presumption established by the State's evidence that money found in close proximity to controlled substances was subject to forfeiture, specifically finding that defendant's credibility was in question and that in her testimony she had failed to show that the money was from sources other than narcotics. The appellate court opinion states that the search of defendant and of her single-family home was pursuant to warrant, but the opinion does not indicate that any other person resided or had access to the home or to the kitchen where the drugs were found and the bedroom in which the money and alleged drug paraphernalia were found.

In affirming the trial court's order of forfeiture, the reviewing court in *People v. Strong* (1986), 151 Ill. App. 3d 28, 34, 502 N.E.2d 744, enunciated as the standard on review that the State must prove the nexus between forfeitable property and the contraband by a preponderance of the evidence as required in civil cases rather than beyond a reasonable doubt. The court then stated that on review the trial court's judgment will not be reversed unless its ruling is against the manifest weight of the evidence. (*People v. Strong*, 151 Ill. App. 3d at 34.) The defendant permitted narcotics officers to search his home and voluntarily opened a master bedroom floor safe where they found $9,273 in cash and a single pill of Phentermine, a controlled

substance. In the bedroom they also found drug paraphernalia and small amounts of cocaine. They also found 20 guns in the house. Defendant was arrested for theft and drug possession. He was searched, and police found 0.3 grams of cocaine and $1,200 cash in his shirt pocket. In response to the State's evidence at the forfeiture hearing, defendant testified that the money in the safe was from monthly payments he received from the sale of his business and the money in his shirt pocket was intended for the purchase of an all-terrain vehicle for his son for Christmas. The trial court rejected defendant's testimony on credibility grounds, found the State had proved a sufficient nexus between the cash and illegal substances and found the cash was forfeitable. The appellate court found that the trial judge's ruling was not against the manifest weight of the evidence and affirmed.

■ However, in *In re $27,444* (1987), 164 Ill. App. 3d 44, 48, 517 N.E.2d 704, the court stated that as a general rule forfeitures are disfavored at law and that statutes authorizing them must be construed strictly in a manner as favorable to the person whose property is seized as is consistent with fair principles of statutory interpretation. The court found that "[t]he purpose of the broad-sweeping forfeiture provision is to control illegal trafficking in controlled substances [citation], not to divest persons of all currency that happened to come into contact with controlled substances at some earlier point in time. The presumption that arises when currency is found in close proximity to a forfeitable substance is that the currency is derivatively forfeitable— *i.e.*, it was used 'in exchange for a substance in violation of [the] Act.' [Citation.] Clearly, the legislature intended the presumption to apply to situations where observable controlled substances or distributing paraphernalia, etc., are found in near proximity to currency. However, a presumption cannot be based upon a presumption or an inference where the undisputed facts may give rise to different reasonable inferences." (*In re $27,440*, 164 Ill. App. 3d at 48.) The court affirmed the trial court's denial of the forfeiture petition, finding that the State's evidence that a residual amount of cocaine found on one bill in a bag of 969 bills of paper currency does not establish where or when the bills were in close proximity to cocaine and therefore the State failed to establish the required nexus between the currency and the contraband to support a forfeiture. *In re $27,440*, 164 Ill. App. 3d at 48.

■ In *In re $53,263* (1987), 159 Ill. App. 3d 114, 512 N.E.2d 740, the reviewing court held that the burden of proving a right to seized money by forfeiture was on the State. The State had the burden to

prove that the money was used, or intended for use, in violation of the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 712(a)(4); *In re $53,263*, 159 Ill. App. 3d at 119). Once the State has met its burden and established a *prima facie* case for forfeiture, the party claiming return of the seized funds must present evidence to rebut the State's case. The defendant in *In re $53,263* testified at the forfeiture hearing. The trial court entered an order of forfeiture finding that although the defendant Davis had borrowed the money for purposes unrelated to any violation of the Cannabis Control Act, he was the renter and was in the apartment on the day of the arrest, and the marijuana was found in the apartment; therefore, it was reasonable to infer he was in possession of marijuana. The appellate court reversed, finding that defendant's uncontradicted and corroborated evidence as to the source of the funds refuted the statutory presumption that the money was used for an illegal narcotics purpose. *In re $53,263*, 159 Ill. App. 3d at 119.

■■ Only Officer Ahern testified for the State. Defendant did not testify at trial. Ahern testified that defendant told him that everything in the bedroom and in the safe was his property, including the seized currency and the white powder, scale and grinder, characterized by Ahern as equipment commonly used in weighing and processing illegal drugs. Ahern's reports prepared at about the time of defendant's arrest and the confiscation of the drugs, currency and other evidence made no reference to any statements made by the defendant at the time of the search.

The court specifically found:

> "As far as the statements are concerned, if they're not in the reports, they don't have any credibility. The evidence does not show there is any nexus between the money found in the safe and cocaine found in the hamper."

In effect the judge made a factual finding that the drugs recovered from the hamper were not proved by a preponderance of the evidence to have been within defendant's exclusive control. Three persons resided in the apartment and all had access to the bathroom and the hamper. We will not disturb that finding.

The court also made a specific factual finding that the scale, grinder and powder found in the safe with the currency were equivocal objects and were not proven to be drug paraphernalia. The court then made a factual finding that the evidence did not show any nexus between the money found in the safe and any drug paraphernalia or the cocaine found in the hamper. We will not disturb these findings.

Where the trial court's findings as to the credibility of the testimony is not clearly erroneous, a reviewing court will not review those findings. (*People v. Pittman* (1984), 126 Ill. App. 3d 586, 592, 467 N.E.2d 918, 924.) Defendant conceded that the safe and its contents belonged to him. His bedroom was a separate room but was in close proximity to the hamper in which Ahern found the drugs. However, other persons also had access to the bathroom and the hamper.

We conclude that the State has failed to establish a *prima facie* case for the forfeiture requested and that the trial court's determination that the State had failed to show any nexus between the money found in the safe and the drugs found in another room commonly used by defendant and other persons is supported by the evidence.

For the above reasons, the order of the circuit court of Cook County denying the petition for forfeiture is affirmed.

Judgment affirmed.

RAKOWSKI, P.J., and EGAN, J., concur.