THE PEOPLE *ex rel.* HONORABLE CHARLES R. GARNATI, Plaintiff-Appellee, v. $14,000 UNITED STATES CURRENCY, Defendant-Appellant.

Fifth District   No. 5—91—0034

Opinion filed April 13, 1992.

Robert A. Drew, of Marion, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Jorge Diaz, was stopped for speeding. He produced a valid Texas driver's license and was told he would receive a written warning. Upon running a computer check, Deputy Shaunn Currey learned that Diaz also possessed an Illinois driver's license which had been suspended. State Trooper Steve Bandy subsequently arrived on the scene with his canine partner. Deputy Currey then asked Diaz to sign a consent to search, which he did. Currey did not inform Diaz that he was going to be arrested for driving with a suspended license. The search revealed a package wrapped in aluminum foil and grey tape in the left wheel well. A similar package was found in the right wheel well and another was found in a suitcase. The three packages contained currency totaling $14,000 in 700 $20 bills. No contraband, drugs, or paraphernalia were found. Bandy's dog reacted to the currency, and it was taken to the State police crime lab for testing. Lab analysis revealed trace amounts of cocaine. Diaz was taken into custody and charged with driving while license suspended.

The State subsequently filed a forfeiture complaint, and a hearing was held. Although notified, Diaz did not appear, and the defense rested without putting on any evidence. Deputy Currey testified that claimant told him that while visiting friends in Chicago, two men whom Diaz did not know called him and arranged a meeting at a fast-food restaurant. At this meeting, Diaz agreed to transport several bundles of currency to another unknown individual in Houston, Texas, in exchange for $1,000. Currey stated that Diaz also said that he thought the money was "dirty." Daniel LeCoq, the lab analyst, testified that a trace amount of cocaine was found on the currency, that it could have come from any one of the 700 bills, and that it could have

come from the hands of anyone who had handled the money prior to Diaz.

The trial court ruled that while the statutory presumption of forfeitability did not apply, the totality of the evidence was sufficient to warrant forfeiture.

Section 505(a)(5) of the Illinois Controlled Substances Act provided at the time the complaint was filed that:

"(a) The following are subject to forfeiture:

* * *

(5) everything of value furnished, or intended to be furnished, in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this Act * * *. All moneys, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of substances, are rebuttably presumed to be forfeitable under this Act. The burden of proof is upon claimants of the property to rebut this presumption." (Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(5).)

Claimant contends that given the trial court's finding that the presumption was inapplicable, the burden remained on the State to demonstrate by a preponderance of the evidence that the currency seized constituted proceeds of a drug transaction or was used to facilitate a violation of the Act, and that the evidence introduced was insufficient to meet this burden. The State argues that the presumption was applicable, and that the ultimate judgment of the trial court was correct, albeit for a different reason.

■ Because the trial court's finding that the presumption did not arise is a question of law, not fact, we are not constrained to grant such finding the same deference we would a question of fact, and we may substitute our determination for that of the trial court if we find such determination to be erroneous. (*In re Marriage of Skinner* (1986), 149 Ill. App. 3d 788, 501 N.E.2d 311; *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 429 N.E.2d 1292.) After a careful review of the record, we conclude that the statutory presumption of forfeitability was applicable.

Claimant relies heavily upon *In re $27,440* (1987), 164 Ill. App. 3d 44, 517 N.E.2d 704. In that case, claimant's husband was stopped for driving under the influence. A passenger indicated that they had driven to a park where two paper bags were exchanged. A subse-

quent search of the vehicle produced a bag containing 969 bills totaling $27,440. Lab tests disclosed a trace amount of cocaine. As in the present case, the lab analyst testified that the trace amount of cocaine could have come from a single bill. Claimant's husband and passenger both denied ownership or knowledge of the bag of money. Claimant subsequently filed an affidavit stating that she had received the money from her uncle, she had planned to use it to buy an apartment building, and she had placed it in her car intending to deposit it the next day. Later that evening, her husband had borrowed the car without her permission. The trial court ruled that the currency was not subject to forfeiture, and the appellate court affirmed, holding that the presumption of forfeitability could not "be based upon a presumption or an inference where the undisputed facts may give rise to different reasonable inferences." (*In re $27,440*, 164 Ill. App. 3d at 48, 517 N.E.2d at 707, citing *Zide v. Jewel Tea Co.* (1963), 39 Ill. App. 2d 217, 188 N.E.2d 383.) The court noted that the only evidence showing that the currency was in close proximity to a forfeitable substance was the residual amount of cocaine that may have been on only one bill.

■ If the presence of the trace amount of cocaine were the only evidence that the money in question was the proceeds of or was involved in a drug transaction, we would be inclined to agree with the court in *In re $27,440*, given that the lab analyst in this case also testified that the small amount of cocaine found could have come from any single bill. However, there are critical distinctions between *In re $27,440* and the case at bar. In *In re $27,440*, both the driver of the automobile and his passenger denied any knowledge of the money, and the claimant provided an arguably reasonable explanation for the presence of the money in the car. The only evidence supporting the presumption was the trace amount of cocaine and some vague testimony regarding the exchange of two paper bags. In the present case, however, the only explanation for the presence of the money was that two men paid Diaz $1,000 to transport the money to Texas. Not only does this explanation not provide an arguably innocent reason for the presence of the money, it militates in favor of the presumption. We find it highly improbable that there would be any legitimate reason for two unknown men to pay Diaz $1,000 to secrete $14,000 in currency in his car and transport it to yet a third unknown individual in Texas. Such evidence gives rise to only one reasonable inference. We conclude that the evidence was sufficient to raise the presumption of forfeitability. Because claimant offered no evidence to rebut the presumption, the money was properly ordered forfeited.

For the foregoing reasons, the judgment of the circuit court of Williamson County is affirmed.

Affirmed.

GOLDENHERSH, P.J., and CHAPMAN, J., concur.