NO. 5-95-0566

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

WILLIAM E. DAVIS and PAMELA DAVIS,   )  Appeal from the

                                     )  Circuit Court of 

     Plaintiffs-Appellants,          )  Jackson County.

                                     )

v.                                   )  No. 95-L-19

                                     )

JAMES TEMPLE and THE CITY OF         )  

CARBONDALE, ILLINOIS,                )  Honorable

                                     )  William G. Schwartz, 

     Defendants-Appellees.           )  Judge, presiding.  

_________________________________________________________________

     JUSTICE GOLDENHERSH delivered the opinion of the court:

     Plaintiffs, William E. Davis and Pamela Davis, appeal from the

judgment of the circuit court of Jackson County granting a motion

to dismiss their complaint.  The motion to dismiss was filed by

defendants, James Temple, a police officer with the City of Carbon-

dale, and the City of Carbondale.

     Plaintiffs brought the present action to recover damages

allegedly caused by Officer Temple while he was acting in his

capacity as a police officer for the city.  Plaintiffs filed a

seven-count complaint against defendants.  Counts I through V were

brought by William.  Count I was against Officer Temple and alleged

malicious prosecution.  Count II was against the city under a

theory of respondeat superior and likewise alleged malicious

prosecution.  Count III was against Officer Temple and count IV was

against the city; both alleged false arrest.  Count V was against

the city and alleged negligent retention of an employee, namely,

Officer Temple.  Counts VI and VII were brought by Pamela against

Officer Temple and the city, respectively.  Counts VI and VII

alleged invasion of privacy, more specifically, the tort of

unreasonable intrusion upon the seclusion of another.  On appeal,

we must determine as to counts I through V whether William alleged

sufficient facts to sustain a cause of action for the alleged

torts.  As to counts VI and VII, we must first determine whether a

cause of action exists in Illinois for unreasonable intrusion upon

the seclusion of another, and, if so, whether Pamela sufficiently

alleged such a cause of action in counts VI and VII.  We affirm

with one exception.  We expressly recognize a cause of action for

unreasonable intrusion upon the seclusion of another.  However, we

find the facts alleged in counts VI and VII insufficient to state

that cause of action.

                                   FACTS

     Plaintiffs are husband and wife.  At the time of the alleged

occurrences, Pamela was employed by Bud's Warehouse.  William was

also an employee of Bud's Warehouse but was discharged from that

employment on January 20, 1994.  Plaintiffs filed their original

action on February 9, 1995.  The trial court granted defendants'

motion to dismiss all seven counts but allowed plaintiffs leave to

amend.  On May 18, 1995, plaintiffs filed their first amended

complaint. 

     Plaintiffs' first amended complaint alleged that on January

20, 1994, Officer Temple, in the course of his duty as a police

officer, was called to Bud's Warehouse to investigate a reported

criminal damage to property.  Plaintiffs further alleged that from

January 20, 1994, until February 9, 1994, Officer Temple engaged

"in a course of conduct of hounding and harassing" both William and

Pamela "in an attempt to coerce a confession" from William on the

criminal damage charge.  In count I, William alleged a cause of

action against Officer Temple for malicious prosecution, specifi-

cally alleging as follows:

          "3.  That on February 18, 1994, the Defendant James

     Temple, motivated by malice[,] did cause to be filed a

     criminal action, namely, Jackson County No. 94-CM-82,

     against this Plaintiff, by preparing and submitting to

     the Jackson County State's Attorney an `Affidavit of

     Probable Cause,' which contained false information. 

     Defendant failed to obtain a Uniform Complaint form

     signed by the alleged victim, and in fact, prepared and

     filed said Affidavit of Probable Cause without consulting

     with or informing the alleged victims of his intent to

     charge the Plaintiff William E. Davis with Assault. 

     Defendant submitted this `Affidavit of Probable Cause'

     although he knew that said charges were unjustified and

     that probable cause for the prosecution of this plaintiff

     was lacking."  (Emphasis in original.)

Count II made the same allegations against the city under a theory

of respondeat superior.  

     In count III, William alleged a cause of action against

Officer Temple for false arrest, specifically alleging as follows:

          "3.  That on January 20, 1994, the Defendant James

     Temple, in the course of his duty as a Carbondale Police

     officer, was called to Bud's Warehouse in Carbondale,

     Illinois, to investigate a reported criminal damage to

     property.

          4.  That from January 20, 1994, until February 9,

     1994, the Defendant James Temple[] did engage in a course

     of conduct of hounding and harassing the Plaintiff,

     William Davis, in an attempt to coerce a confession to

     the aforesaid criminal damage to property charge.

          5.  That on February 9, 1994, the harassment by the

     Defendant James Temple reached such an extent that the

     Plaintiff filed a complaint with both the Carbondale

     Police Department and the Jackson County State's At-

     torney's office, alleging police misconduct.

          6.  That on February 10, 1994, the Defendant, James

     Temple, in retaliation for Plaintiff's filing of the

     police misconduct complaint, did prepare and submit to

     the Jackson County State's Attorney an `Affidavit of

     Probable Cause,' which contained false information. 

     Defendant failed to obtain a Uniform Complaint form

     signed by the alleged victim, and in fact, prepared and

     filed said Affidavit of Probable Cause without consulting

     with or informing the alleged victims of his intent to

     charge the Plaintiff William E. Davis with Assault. 

     Defendant submitted this `Affidavit of Probable Cause'

     and did cause a warrant to issue for the arrest of the

     Plaintiff upon the charge of Assault.

          7.  That Defendant James Temple filed the `Affidavit

     of Probable Cause' without any probable cause, and did so

     out of malice, and that the arrest of the Plaintiff was

     wholly without cause.

          8.  That as a result of the actions of the Defendant

     James Temple, Plaintiff was caused to be arrested,

     fingerprinted and booked, and was detained against his

     will for a period of time.

          9.  That upon trial of said charges, the Court

     entered a directed verdict in favor of this Plaintiff[]

     and thereby acquitted this Plaintiff, [and] that judgment

     was entered in favor of Plaintiff and is now final.

          10.  That Defendant James Temple caused said

     criminal charges to be lodged against Plaintiff and

     caused Plaintiff to be arrested with the intent to bring

     this Plaintiff into disrepute and to cause, if possible,

     great shame and humiliation to Plaintiff, in which

     objective the Defendant was successful; and that in

     addition to the actual financial losses caused by such

     conduct, including the expenses incident to the defense

     of such case, the Plaintiff was subjected to great stress

     and anxiety which adversely affected his health, peace of

     mind and physical condition."  (Emphasis in original.)

In count IV, William made the same allegations against the city,

again under a theory of respondeat superior.  

     In count V, William alleged a cause of action against the city

for negligent retention of Officer Temple as a police officer. 

William alleged that previous complaints were made against Officer

Temple but the city failed to take appropriate measures to correct

the conduct of Officer Temple.

     In counts VI and VII, Pamela alleged a cause of action for

invasion of privacy, specifically, unreasonable intrusion on the

seclusion of another, against both Officer Temple and the city,

respectively.  Pamela specifically alleged:

          "5.  That from January 20, 1994, until February 9,

     1994, the Defendant James Temple[] did engage in a course

     of conduct of hounding and harassing Plaintiff Pamela

     Davis, in an attempt to coerce her husband to confess to

     the criminal damage to property charge, to-wit:

          (a)  On February 2, 1994, the Defendant James

               Temple did call Plaintiff Pamela Davis at her

               place of employment, and demanded that she

               appear at the Carbondale Police Department to

               discuss his investigation of damage to Plain-

               tiff's [coworker's] automobile.  Upon her

               arrival, the Defendant James Temple secluded

               himself in a room with Plaintiff, and verbally

               abused her, calling her a `fucking liar,' and

               threatening to `make (her) life a living hell'

               until her husband confessed to damaging Plain-

               tiff's co[]worker's automobile.

          (b)  On February 8, 1994, the Defendant James

               Temple did come to the place of employment of

               the Plaintiff Pamela Davis, namely, Bud's

               Warehouse, unannounced and demanding to speak

               to the Plaintiff, in the clear view of her

               friends and co[]workers, thus invading the

               privacy of the Plaintiff among her friends and

               co[]workers.

          (c)  That on February 8, 1994, in an attempt to get

               away from the Defendant James Temple, the

               Plaintiff Pamela Davis walked to the stockroom

               of her employer's place of business, a place

               not open to the public, and was talking to her

               manager, when Defendant James Temple forceful-

               ly entered the storeroom, informed Plaintiff

               Pamela Davis she was `in custody' and again

               demanded that she talk to him, all in the

               presence of and clear view and hearing of the

               store manager of Plaintiff's employment, thus

               invading the privacy of the plaintiff and

               causing a loss of confidence and reputation of

               the Plaintiff among her friends and co[]work-

               ers."  (Emphasis in original.)

Plaintiffs allege that as a result of the action of defendants,

they suffered great shame and humiliation, financial loss, and

great stress and anxiety, which adversely affected their health,

peace of mind, and physical condition.

     On June 14, 1995, defendants filed a motion for involuntary

dismissal of plaintiffs' first amended complaint, pursuant to

section 2-619.1 of the Code of Civil Procedure (the Code).  735

ILCS 5/2-619.1 (West 1994).  The trial court dismissed plaintiffs'

first amended complaint with prejudice.  Plaintiffs filed a timely

notice of appeal.  Plaintiffs did not file a motion for leave to

file a second amended complaint, nor have they sought that relief

from this court.  Plaintiffs stand on their first amended com-

plaint.

                                  ISSUES

     The first issue we are asked to address is whether plaintiffs'

first amended complaint alleged sufficient facts to sustain the

various causes of action stated in counts I through V.  We

initially note that the standard of review on appeal from a motion

to dismiss under section 2-615 of the Code is whether the complaint

sufficiently states a cause of action.  735 ILCS 5/2-615 (West

1994); McCormick v. Kruk, 220 Ill. App. 3d 449, 451, 581 N.E.2d 73,

75 (1991).  Generally, a motion brought under section 2-619 of the

Code is properly allowed only if it raises an affirmative matter

which negates the plaintiff's cause of action completely or when it

refutes crucial conclusions of law or conclusions of material fact

that are unsupported by allegations of specific facts.  735 ILCS

5/2-619 (West 1994); Health Employees Labor Program of Metropolitan

Chicago v. County of Cook, 236 Ill. App. 3d 93, 97, 603 N.E.2d 591,

593 (1992).  On review of an order dismissing a complaint for

failure to state a cause of action, all well-pleaded facts and

inferences are accepted as true (Fellhauer v. City of Geneva, 142

Ill. 2d 495, 499, 568 N.E.2d 870, 872 (1991)), but not conclusions

of law or conclusions of fact unsupported by specific facts. 

Groenings v. City of St. Charles, 215 Ill. App. 3d 295, 299, 574

N.E.2d 1316, 1319 (1991).  Disputed questions of law are reviewed

de novo.  In re Marriage of Skinner, 149 Ill. App. 3d 788, 791, 501

N.E.2d 311, 313 (1986).  A motion to dismiss a complaint for

failure to state a cause of action should not be granted unless it

clearly appears that no set of facts could be proven under the

pleadings which would entitle the plaintiff to relief.  Krautstrunk

v. Chicago Housing Authority, 95 Ill. App. 3d 529, 420 N.E.2d 429

(1981).

                              COUNTS I AND II

     The necessary elements for malicious prosecution are:

     "(1) the commencement or continuance of an original

     criminal or civil judicial proceeding, (2) its legal

     causation by the present defendant against plaintiff who

     was the defendant in the original proceeding, (3) its

     bona fide termination in favor of the present plaintiff,

     (4) the absence of probable cause for such proceedings,

     (5) the presence of malice, and (6) damages resulting to

     plaintiff."  Freides v. Sani-Mode Manufacturing Co., 33

     Ill. 2d 291, 295, 211 N.E.2d 286, 288 (1965).

William maintains that he alleged that Officer Temple caused

criminal charges to be filed against him and that is sufficient to

reasonably inform Officer Temple of the nature of the claim against

him.  Further, William maintains that because he alleged that the

affidavit contained "false" information, the pleadings meet the

required elements of malicious prosecution.  Defendants respond

that plaintiff failed to allege that Officer Temple pressured the

State's Attorney into prosecuting William and that there are

insufficient allegations that Officer Temple knowingly supplied

"false" information to the State's Attorney on which the State's

Attorney relied in deciding to prosecute William.  We agree with

defendants. 

     In the present case, there is no allegation in count I that

Officer Temple in any way pressured or coerced the State's Attorney

to file charges against defendant.  The first amended complaint

merely contends that Officer Temple "motivated by malice" caused

charges to be filed against plaintiff by preparing and submitting

to the State's Attorney an affidavit of probable cause which

contained false information.  William did not specify which

information in the affidavit was false, but he only alleged that

defendant did not obtain a uniform complaint form signed by the

alleged victim and that defendant prepared and filed the said

affidavit without consulting or informing the alleged victim. 

However, in conjunction with this case, the State's Attorney filed

an affidavit in which he stated that there is no statutory

requirement for filing a uniform complaint when an officer files an

affidavit of probable cause and that there is no duty or statutory

requirement for a police officer to contact the victim before

filing the affidavit of probable cause.  The State's Attorney

explained that it is his decision whether to file an information. 

A close examination of the first amended complaint reveals that

plaintiff makes conclusory allegations that the information

supplied by Officer Temple was "false," without specifying what was

false.  Moreover, we agree with defendants that plaintiff's

allegations of malice and lack of probable cause found in the

complaint are also mere conclusions and, therefore, are insuffi-

cient to state a cause of action for malicious prosecution.  We

find that plaintiff did not allege sufficient facts to sustain a

cause of action for malicious prosecution as pleaded in counts I

and II.

                             COUNTS III AND IV

     To sustain an action for false arrest, the plaintiff has the

burden of proving a restraint or an arrest caused or procured by

the defendants without their having reasonable grounds to believe

that an offense was committed by the plaintiff.  Karow v. Student

Inns, Inc., 43 Ill. App. 3d 878, 881, 357 N.E.2d 682, 686 (1976). 

William submits that he alleged facts sufficient to constitute

false arrest.  He claims that the trial court incorrectly dismissed

counts III and IV because it overlooked that the alleged facts in

counts III and IV included the statement that the warrant of arrest

was based upon Officer Temple's affidavit of probable cause which

contained false information.  Defendants respond that there are no

facts alleged which, if proven, would show that Officer Temple

acted without probable cause or that he knew that there was no

probable cause but proceeded anyway.  Defendants maintain that

there were insufficient factual allegations pleaded in counts III

and IV to establish a lack of probable cause and malice on the part

of Officer Temple in arresting William.  We agree with defendants.

     The trial court correctly found that a "cause of action for

false arrest cannot be based upon a valid Warrant of Arrest issued

by a Court," as the law is well settled that if an arrest is made

under a judicially issued arrest warrant, the arrest itself cannot

give rise to a claim of false imprisonment.  Wiemann v. County of

Kane, 150 Ill. App. 3d 962, 968, 502 N.E.2d 373, 376 (1986);

Jacobson v. Rolley, 29 Ill. App. 3d 265, 267, 330 N.E.2d 256, 258

(1975).  The fact that William alleged that the affidavit of

probable cause contained "false" information does not mean that

this trial court's determination was incorrect.  William's

pleadings on this matter are conclusory and do not give us any

indication what, if anything, was false.  It is not enough to plead

false arrest; it is necessary to plead sufficient factual allega-

tions of an unlawful arrest.  See Wilson v. Hunk, 51 Ill. App. 3d

1030, 1032-33, 367 N.E.2d 478, 480-81 (1977).  Moreover, the other

allegations made by William, namely, that Officer Temple failed to

obtain a uniform complaint signed by the alleged victim and that

Officer Temple filed an affidavit of probable cause without

consulting the alleged victim, do not support William's claim of

false imprisonment since, as previously discussed, it was not

necessary for Officer Temple to have taken either action.  Accord-

ingly, we find the complaint insufficient to state a cause of

action for malicious prosecution.  

                             COUNTS VI AND VII

     In count VI, Pamela presented a cause of action against

Officer Temple for invasion of privacy, specifically, unreasonable

intrusion into the seclusion of another.  In count VII, Pamela

presented the same cause of action against the city under a theory

of respondeat superior.  Pamela asks us to expressly recognize this

tort and argues that the allegations found in counts VI and VII are

sufficient to plead the elements of this cause of action. 

Defendants respond that neither the supreme court nor the Fifth

District Appellate Court has expressly recognized this cause of

action and, thus, counts VI and VII of plaintiffs' first amended

complaint were properly dismissed for failure to state a cause of

action.  Assuming, arguendo, that we recognize a cause of action

based upon the unreasonable intrusion on the seclusion of another,

defendants argue that the facts alleged in counts VI and VII were

insufficient to state a cause of action.

     Professor William Prosser delineated four distinct types of

invasion of privacy, and his approach has been explicitly adopted

by the Restatement (Second) of Torts.  The four types are: (1)

intrusion upon the seclusion of another (Restatement (Second) of

Torts §652B, at 378 (1977)); (2) appropriation of another's name or

likeness (Restatement (Second) of Torts §652C, at 380 (1977)); (3)

publicity given to private life (Restatement (Second) of Torts

§652D, at 383 (1977)); and (4) publicity placing a person in a

false light (Restatement (Second) of Torts §652E, at 394 (1977)). 

The Restatement (Second) of Torts describes the tort of intrusion

upon the seclusion of another in the following manner: "One who

intentionally intrudes physically or otherwise, upon the solitude

or seclusion of another or his private affairs or concerns, is

subject to liability to the other for invasion of his privacy, if

the intrusion would be highly offensive to a reasonable person." 

Restatement (Second) of Torts §652B, at 378 (1977).

     In Lovgren v. Citizens First National Bank, 126 Ill. 2d 411,

534 N.E.2d 987 (1989), our supreme court considered whether the

facts in that case constituted an unreasonable intrusion upon the

seclusion of another and found that the facts of that case did not

satisfy the elements of that tort as defined by Prosser.  In

Lovgren, the debtor-plaintiff brought an action against the bank

for invasion of privacy.  One theory was intrusion upon seclusion

based upon the bank's attempt to collect a debt by running an

advertisement that the debtor was selling his farm at a public

auction.  No such sale had been scheduled, however, and the plain-

tiff had not consented to such a sale.  The ad did not mention the

bank's mortgage on the property or the fact that the sale was being

held to satisfy the plaintiff's financial obligations.  The ad was

placed without the bank instituting mortgage foreclosure proceed-

ings.  Lovgren, 126 Ill. 2d at 415, 534 N.E.2d at 988.  The Lovgren

court determined that the alleged offensive conduct and subsequent

harm pleaded by the plaintiff resulted from the bank's act of

publication, not from an act of prying.  The Lovgren court

specifically cited to the Restatement (Second) of Torts §652B,

previously set forth in this opinion, and added the following

discussion about the comments to this Restatement section: 

          "The comments to this section of the Restatement

     indicate that the nature of this tort depends upon some

     type of highly offensive prying into the physical

     boundaries or affairs of another person.  The basis of

     the tort is not publication or publicity.  Rather, the

     core of this tort is the offensive prying into the

     private domain of another.  (Restatement (Second) of

     Torts §652B, comments a, b, at 378-79 (1977).)  Prosser

     and Keeton's treatise on torts echoes the Restatement

     approach.  (See W. Prosser & W. Keeton, Torts §117, at

     854-56 (5th ed. 1984).)  The examples provided as forming

     the basis for the tort of intrusion into the seclusion of

     another include the following acts: invading someone's

     home; an illegal search of someone's shopping bag in a

     store; eavesdropping by wiretapping; peering into the

     windows of a private home; and persistent and unwanted

     telephone calls.  (W. Prosser & W. Keeton, Torts §117, at

     854-55 (5th ed. 1984).)  Although we recognize that the

     contours of the tort of unreasonable intrusion into the

     seclusion of another are intuitive to a degree, we

     conclude that the defendants' alleged actions in the

     present case do not constitute unreasonable intrusion

     into the seclusion of another."  Lovgren, 126 Ill. 2d at

     416-17, 534 N.E.2d at 989.

Our supreme court went on to note that its discussion of the tort

of unreasonable intrusion on seclusion should not be interpreted to

imply its recognition of such a cause of action, and the court

noted that a conflict existed between the districts of the appel-

late court.  Lovgren, 126 Ill. 2d at 417-18, 534 N.E.2d at 989. 

Our supreme court declined to resolve the conflict in Lovgren, and

a split remains between the districts.

     In Bank of Indiana v. Teremunde, 50 Ill. App. 3d 480, 365

N.E.2d 295 (1977), this district stated that although it found no

reported cases from Illinois recognizing a cause of action for

unreasonable intrusion upon seclusion, it assumed, based on 

Leopold v. Levin, 45 Ill. 2d 434, 259 N.E.2d 250 (1970), that the

supreme court would recognize that such an action was appropriate. 

In Leopold, our supreme court stated:

     "Privacy is one of the sensitive and necessary human

     values and undeniably there are circumstances under which

     it should enjoy the protection of the law."  Leopold, 45

     Ill. 2d at 440-41, 259 N.E.2d at 254.

The Leopold court referred to the right of privacy as one recog-

nized many years ago and "described in a limited fashion by Judge

Cooley with utter simplicity as the right `to be let alone.'" 

Leopold, 45 Ill. 2d at 440, 259 N.E.2d at 254.  The Bank of Indiana

court, relying on Leopold, however, held only that a cause of

action in that case was not proved, and the court did not go so far

as to expressly hold that a cause of action for intrusion upon

seclusion exists. 

     The Third District Appellate Court recognized the intrusion on

seclusion tort in Melvin v. Burling, 141 Ill. App. 3d 786, 490

N.E.2d 1011 (1986).  The Melvin court set forth four elements which

must be alleged in order to state the cause of action: (1) an

unauthorized intrusion or prying into the plaintiff's seclusion,

(2) an intrusion which is offensive or objectionable to a reason-

able man, (3) the matter upon which the intrusion occurs is

private, and (4) the intrusion causes anguish and suffering. 

Melvin, 141 Ill. App. 3d at 789, 490 N.E.2d at 1013-14.  In Kelly

v. Franco, 72 Ill. App. 3d 642, 391 N.E.2d 54 (1979), the First

District Appellate Court declined to entertain a cause of action

for intrusion into the seclusion of another.  However, since the

Melvin decision, the First District has applied the four elements

set forth in Melvin but has never specifically held that the cause

of action exists in this State.  In Mucklow v. John Marshall Law

School, 176 Ill. App. 3d 886, 531 N.E.2d 941 (1988), and Miller v.

Motorola, Inc., 202 Ill. App. 3d 976, 560 N.E.2d 900 (1990), as

well as Dwyer v. American Express Co., 273 Ill. App. 3d 742, 652

N.E.2d 1351 (1995), the First District held that the plaintiff's

allegations did not satisfy the first element of Melvin, but the

court did not go so far as to say that the cause of action for

intrusion on seclusion actually exists in Illinois.  The Fourth

District Appellate Court, in Bureau of Credit Control v. Scott, 36

Ill. App. 3d 1006, 345 N.E.2d 37 (1976), refused to recognize

intrusion on seclusion, finding that because the plaintiff already

stated a cause of action for intentional infliction of severe

emotional distress, there was no need to grant her a remedy of

invasion of privacy based upon intrusion upon seclusion.

     A review of this area of law leads us to adopt the four-

pronged test set forth in Melvin for determining whether a cause of

action has been properly alleged for intrusion upon seclusion.

Nothing written by our supreme court on this area of the law leads

us to believe that such a cause of action should not be recognized

in Illinois.  Therefore, after careful consideration, we expressly

recognize a cause of action for unreasonable intrusion into the

seclusion of another.  After review of plaintiffs' first amended

complaint, however, we conclude that Officer Temple's actions in

the instant case do not constitute unreasonable intrusion into the

seclusion of another.  Our decision is based upon the fact that the

alleged offensive conduct occurred during the course of a criminal

investigation concerning William.  A criminal investigation is a

public matter, not a private matter, and, thus, does not meet the

third required element, namely, that the matter upon which the

intrusion occurs is private.  

     Pamela's complaint alleges that due to Officer Temple's

investigation, she suffered injury to her right to privacy. 

However, from what we can garner from the record before us, Officer

Temple was investigating a reported crime, namely, criminal damage

to property, which allegedly occurred at both plaintiffs' place of

employment, Bud's Warehouse.  Pamela alleges that on February 2,

1994, Officer Temple called her and demanded that she appear at the

police station in conjunction with this investigation.  Likewise,

on February 8, 1994, Officer Temple appeared at Bud's Warehouse in

the course of the public investigation.  Officer Temple's investi-

gative techniques are indeed questionable if what plaintiffs have

alleged in their complaint is true.  They do not, however,

constitute an unreasonable intrusion into the seclusion of another,

due to the public nature of the investigation of a crime allegedly

committed at both plaintiffs' place of employment.

                                  COUNT V

     Finally, with regard to count V, negligent retention of an

employee, we agree with the trial court that this count cannot

stand since it is based on the pending cause of action against

Officer Temple.

     For the foregoing reasons, the judgment of the circuit court

of Jackson County is affirmed, except that we expressly recognize

a cause of action for unreasonable intrusion upon the seclusion of

another.  However, as previously discussed, the facts of the

instant case do not give rise to such a cause of action.

     Affirmed.

     RARICK and KUEHN, JJ., concur.  

                                      NO. 5-95-0566

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

WILLIAM E. DAVIS and PAMELA DAVIS,   )  Appeal from the

                                     )  Circuit Court of 

     Plaintiffs-Appellants,          )  Jackson County.

                                     )

v.                                   )  No. 95-L-19

                                     )

JAMES TEMPLE and THE CITY OF         )  

CARBONDALE, ILLINOIS,                )  Honorable

                                     )  William G. Schwartz, 

     Defendants-Appellees.           )  Judge, presiding.  

___________________________________________________________________________

Opinion Filed:                 November 26, 1996

___________________________________________________________________________

Justices:      Honorable Richard P. Goldenhersh, J.

                         

               Honorable Philip J. Rarick, J.

               Honorable Clyde L. Kuehn, J.

               Concur

___________________________________________________________________________

                         

Attorneys      Atkins Law Office, Mark A. Atkins, 104 West Main Street,

for            Benton, IL  62812

Appellant      

___________________________________________________________________________

Attorneys      Gary B. Nelson, Feirich/Mager/Green/Ryan, 2001 West Main 

for            Street, P. O. Box 1570, Carbondale, IL  62903

Appellee            

___________________________________________________________________________