MITCH MELVIN *et al.*, Plaintiffs-Appellants, v. ERIC BURLING, Defendant-Appellee.

Third District   No. 3—85—0352

Opinion filed March 13, 1986.—Rehearing denied April 17, 1986.

Ross A. Robinson and Albert V. Ancelet, both of Capps, Ancelet & Stoverink, of Carthage, for appellants.

Thomas W. O'Neal, Stanley L. Tucker, and Michael L. Neff, all of Hartzell, Glidden, Tucker, Neff & O'Neal, of Carthage, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, Mitch and Brenda Melvin, appeal from the judgment of the circuit court of McDonough County granting a motion to dismiss their complaint made by defendant, Eric Burling.

This action was brought by the plaintiffs to recover damages which occurred as a result of an alleged invasion of privacy on the part of the defendant. The basis of the action was the receipt of numerous items through the mail which the plaintiffs had not ordered together with later demands for payment. Plaintiffs alleged that these items had in fact been intentionally ordered by the defendant, who had used the plaintiffs' names without authority when ordering the items.

The trial court, acting upon defendant's motion to dismiss, found that no precedent for a case involving an unreasonable intrusion upon the seclusion of another, excepting cases involving the use of an individual's name or likeness for commercial purposes, presently exists in Illinois and dismissed the case for failure to state a cause of action. This appeal follows.

On appeal, we must determine whether a cause of action exists in Illinois for an unreasonable intrusion upon the seclusion of another and, if so, whether the plaintiffs in the instant case have sufficiently stated such a cause of action in their complaint. We proceed with the assumption that the facts as alleged by the plaintiffs are true for the purpose of considering the propriety of the defendant's motion to dismiss. The gist of the complaint is that the defendant intentionally ordered merchandise in the plaintiffs' names without the plaintiffs' consent, to be sent to the plaintiffs, followed by demands for payment to the plaintiffs for such unordered merchandise.

The area of tort law generically known as invasion of privacy had its beginning in a law review article written by former Supreme Court Justice Louis D. Brandeis and his then private law partner, Samuel D. Warren. (See Warren & Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 193 (1890).) The tort was expanded, with overall judicial approval, by the late Dean Prosser to consist of four distinct torts, namely: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. (See Prosser, Torts sec. 112, at 832 (3d ed. 1964); Prosser, *Privacy*, 48 Cal. L. Rev. 383, 389 (1960).)

Illinois first recognized a cause of action sounding in privacy in *Eick v. Perk Dog Food Co.* (1952), 347 Ill. App. 293, 106 N.E.2d 742. *Eick* and other early privacy cases concerned the area of invasion of privacy known as "appropriation." (See also *Annerino v. Dell Publishing Co.* (1958), 17 Ill. App. 2d 205, 149 N.E.2d 761; *Bradley v. Cowles Magazines, Inc.* (1960), 26 Ill. App. 2d 331, 168 N.E.2d 164; *Carlson v. Dell Publishing Co.* (1965), 65 Ill. App. 2d 209, 213 N.E.2d 39.) Our supreme court's only venture into the area of privacy law followed in *Leopold v. Levin* (1970), 45 Ill. 2d 434, 259 N.E.2d 250. This case was similarly concerned with appropriation; however, at least one court has considered the case as involving the area known as "false light." (See *Douglass v. Hustler Magazine, Inc.* (7th Cir. 1985), 769 F.2d 1128.) It is generally accepted, however, that the false light area

of privacy law has not, as yet, been judicially accepted in Illinois as a cause of action.

The third area of privacy law known as "public disclosure of private facts" was judicially accepted as a cause of action in *Midwest Glass Co. v. Stanford Development Co.* (1975), 34 Ill. App. 3d 130, 339 N.E.2d 274. As to the final area of privacy law which we are concerned with in the instant case and known as "intrusion upon the seclusion of another," the law in Illinois appears to be ambiguous at best.

The first case involving this tort was *Bureau of Credit Control v. Scott* (1976), 36 Ill. App. 3d 1006, 345 N.E.2d 37, which concerned an individual who was harassed by a credit bureau attempting to collect an unpaid debt. The plaintiff filed a multicount complaint against the credit bureau sounding in intentional infliction of mental distress, and invasion of privacy by unreasonable intrusion upon her seclusion and solitude, by publicity which unreasonably placed her in a false light, and by public disclosure of true, but private, facts about her. The trial court dismissed all counts. On appeal, the court ruled that the plaintiff stated a cause of action based on the intentional infliction of severe emotional distress. The court went on to hold, over a dissent, that where the plaintiff already had a remedy for intentional infliction of severe emotional distress, there was no need to also grant her a remedy for invasion of privacy. In so ruling, the court stated that it saw no need to create additional remedies, *i.e.*, no need to allow an invasion of privacy action based upon intrusion upon seclusion.

The next case involving this tort was *Bank of Indiana v. Tremunde* (1977), 50 Ill. App. 3d 480, 365 N.E.2d 295. The court stated that, although it found no reported Illinois cases recognizing a cause of action for unreasonable intrusion upon seclusion, it assumed, on the basis of *Leopold,* that the supreme court would recognize such an action were appropriate facts alleged and proved. (50 Ill. App. 3d 480, 483, 365 N.E.2d 295, 298.) The court held, however, that such a cause of action in that case was not proved.

In *Kelly v. Franco* (1979), 72 Ill. App. 3d 642, 391 N.E.2d 54, primarily relied upon by the defendant, the court affirmed the trial court's order dismissing the intrusion upon seclusion count in the plaintiffs' complaint. In so doing, the court noted that up until the time of its decision no Illinois court recognized that a cause of action for invasion of privacy could be stated except for the unauthorized use of an individual's name or likeness for commercial purposes. It then went on to hold that, based upon the court's decision in *Scott*, dismissing an intrusion upon seclusion count for failing to state a

cause of action, the trial court's decision dismissing the intrusion count should be affirmed. In so doing, the court ruled that the only action for invasion of privacy in Illinois is limited to use of an individual's name or likeness for commercial purposes.

■ After carefully analyzing the foregoing cases, we conclude that a cause of action for invasion of privacy may be stated for the unreasonable intrusion upon the seclusion of another. We find nothing in the supreme court's decision in *Leopold* to indicate otherwise. The court merely stated:

"We agree that there should be recognition of a right of privacy, a right many years ago described in a limited fashion by Judge Cooley with utter simplicity as the right 'to be let alone.' Privacy is one of the sensitive and necessary human values and undeniably there are circumstances under which it should enjoy the protection of law." *Leopold v. Levin* (1970), 45 Ill. 2d 434, 440, 259 N.E.2d 250, 254.

We also do not believe the *Scott* case represents that court's belief that a cause of action based upon intrusion upon the seclusion of another does not exist in Illinois. Rather, the court chose not to make such a substantive decision on the matter since it had already reversed the trial court on the emotional distress count. Even the *Kelly* case represents only an alternative holding based on an incorrect view of *Scott*.

Having decided that a cause of action for invasion of privacy for the intrusion upon the seclusion of another does exist in Illinois, we must now decide whether the plaintiffs' have sufficiently pled facts that support such an action. In order to state such a cause of action, the facts which must be alleged are (1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion must be offensive or objectionable to a reasonable man; (3) the matter upon which the intrusion occurs must be private; and (4) the intrusion causes anguish and suffering. See Prosser, Torts, sec. 117, at 808-12 (4th ed. 1971); *Bank of Indiana v. Tremunde* (1977), 50 Ill. App. 3d 480, 365 N.E.2d 295.

■ A careful review of the plaintiffs' factual allegations in their complaint discloses that the facts upon which they rely are sufficient to support an action for invasion of privacy for an intrusion into the seclusion of another. We believe plaintiffs' satisfactorily alleged that the defendant's actions did intrude upon their seclusion or solitude. It can also be inferred in their pleadings that this type of activity is offensive and objectionable to a reasonable man. Certainly the activity here is private. The facts also support the elements of anguish and

suffering, including as they do the difficulties of returning unauthorized merchandise and dealing with irate creditors.

For the foregoing reasons, the judgment of the circuit court of McDonough County is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

HEIPLE, P.J., and SCOTT, J., concur.