CAROL HALL *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. InPHOTO SURVEILLANCE COMPANY *et al.*, Defendants-Appellees and Cross-Appellants.

Fourth District   No. 4—94—0864

Argued February 16, 1995.—Opinion filed April 13, 1995.—Rehearing denied May 15, 1995.

John T. Papa (argued), of Callis/Papa/Hale/Jensen/Jackstadt/Bailey/Halloran, of Granite City, for appellants.

Kevin J. Davlin (argued), of Livingstone, Mueller, O'Brien & Davlin, P.C., of Springfield, for appellees.

JUSTICE GREEN delivered the opinion of the court:

Plaintiffs Carol Hall (Carol) and Carl Hall brought suit against defendants InPhoto Surveillance Company and its agents, Phillip McLaughlin and Scott Jackson, charging them with "intentional violation of plaintiffs' right to privacy" predicated on surveillance activities conducted near plaintiffs' rural residence. Summary judgment was granted to defendants after the trial court found plaintiffs had no evidence to support their claim that the surveillance activities were objectively unreasonable. Plaintiffs appeal from the adverse summary judgment determination. Defendants cross-appeal from the denial of their motion for attorney fees under Supreme Court Rule 137. Official Reports Advance Sheet No. 26 (December 22, 1993), R. 137, eff. February 1, 1994.

The events giving rise to the lawsuit began with back surgery performed on Carol on February 21, 1990, at St. John's Hospital (St. John's). The surgeon allegedly fused the wrong disc, which necessitated a subsequent operation. Anticipating litigation, but before plaintiffs filed suit, St. John's hired defendants to conduct surveillance of Carol. Two counts of the original complaint, which was never amended, charged defendants with the following:

"3. On or about August 23, 1990, Defendant, InPhoto Surveillance Company, by and through its agents and employees, Phillip A. McLaughlin and Scott A. Jackson, entered Plaintiffs' property for the purpose of photographing Plaintiffs through Plaintiffs' bedroom window in an attempt to determine the accuracy and allegations of disability on the part of the Plaintiff, Carol Hall.

4. This use of Plaintiffs' photographic images was unauthorized and Plaintiffs at no time have consented to be photographed by Defendants' agents and employees.

5. The use of photographs taken of Plaintiffs through their

bedroom window by Defendants' agent and employees was willful and wanton, and was an intentional violation of Plaintiffs' right to privacy.

6. Defendants' use of photographs taken of Plaintiffs has caused Plaintiffs mental anguish.

7. The photographing of Plaintiffs and the use of photographs taken of Plaintiffs has violated and destroyed the rights of privacy which Plaintiffs are legally entitled to."

Following discovery, defendants filed their summary judgment motion relying on the following evidence. McLaughlin and Jackson, private investigators employed by InPhoto, drove by plaintiffs' rural farm residence on August 22, 1990, for the purpose of locating the farmhouse and making a preliminary choice of a vantage point from which to conduct surveillance. They returned very early the next morning. Jackson positioned himself across the road from plaintiffs' property so that he could see the front and side of the house. His location made it possible for him to see plaintiffs' bedroom windows, which were not covered by curtains. He dressed in camouflage fatigues and had a video camera which he set up on a tripod. Jackson stated that when he first saw Carol, she had walked into the yard of the farm. She carried two buckets of material which she threw into a hogpen. Jackson attempted to turn on the video camera to photograph her, but it malfunctioned.

Jackson testified in his deposition that he was never able to operate the video camera, never took any pictures of anyone, never trespassed on plaintiffs' property, never looked in plaintiffs' bedroom windows, and never saw plaintiffs inside their house. Carol discovered Jackson when she saw him across the road. When confronted by Carol's husband, Jackson stated he was a wildlife photographer. The police were summoned, but they and the State's Attorney, after questioning, declined to arrest defendants because they concluded no laws had been broken and no trespass committed.

In their depositions, both plaintiffs admitted they had no evidence any photographs were taken, defendants ever trespassed upon their property, or defendants looked into their bedroom windows. In granting summary judgment, the trial court's memorandum opinion stated, in part:

"In conducting surveillance of the Plaintiffs, the uncontradicted evidence is that the Defendants positioned themselves on either private property or property not owned or possessed by the Plaintiffs. In addition, although Defendants used a video tape camera the uncontradicted testimony establishes that no photographs or video tapes of the Plaintiffs was accomplished due to

equipment malfunction. The evidence also establishes that any surveillance conducted was done while Plaintiff was outside of her residence and clearly in public view.

\* \* \*

An individual who seeks to recover damages for personal injuries should not be surprised that some investigation into her claim will be undertaken. A review of all of the materials submitted on the Motion for Summary Judgment even when viewed most favorably to the Plaintiff, establish[es] no objectively unreasonable or highly offensive conduct on the part of the Defendants to give rise to an intentional violation of the right to privacy."

On appeal, citing only *Leopold v. Levin* (1970), 45 Ill. 2d 434, 259 N.E.2d 250, for the general proposition that there is a right to privacy, plaintiffs proceed on the premise that Illinois recognizes a cause of action for "intrusion upon the seclusion of another." Defendants have not challenged that assumption. However, the supreme court has specifically declined to settle the issue of whether the "intrusion upon seclusion" tort is actionable in Illinois. (*Lovgren v. Citizens First National Bank* (1989), 126 Ill. 2d 411, 417, 534 N.E.2d 987, 989.) In *Lovgren*, the supreme court also observed that there remains a conflict between the districts as to whether this cause of action is recognized. (See *Melvin v. Burling* (1986), 141 Ill. App. 3d 786, 490 N.E.2d 1011 (third district, recognizing cause of action); *Kelly v. Franco* (1979), 72 Ill. App. 3d 642, 391 N.E.2d 54 (first district, not recognizing the cause of action); *Bank of Indiana v. Tremunde* (1977), 50 Ill. App. 3d 480, 365 N.E.2d 295 (fifth district, impliedly recognizing cause of action); *Bureau of Credit Control v. Scott* (1976), 36 Ill. App. 3d 1006, 345 N.E.2d 37 (fourth district, not recognizing cause of action).) We need not determine whether this court would continue to subscribe to the holding in *Scott* that this cause is not actionable because, even if it is, plaintiffs' claim fails because there is no proof to support the pleadings.

Plaintiffs candidly concede in their brief they are "not able to testify under oath or present the testimony of others" that the sworn statements of defendants that they did not trespass on plaintiffs' real property, did not take photographs, and did not look into their uncovered bedroom windows were untrue. They also admit that it is impossible for plaintiffs to "categorically disprove the claims" of defendants. Nevertheless, plaintiffs maintain a jury could infer that these events occurred based solely upon the nature of the surveillance taking place. We disagree.

The complaint, which was never amended, specifically pleads that plaintiffs' privacy rights were violated when defendants

trespassed on their property, photographed them, and used the photographs. However, there is absolutely no evidence any trespass occurred or any photographs were taken. Plaintiffs cannot prove otherwise. The inferences plaintiffs would like a jury to draw would be nothing but fanciful speculation. Cf. *Brazinski v. Amoco Petroleum Additives Co.* (7th Cir. 1993), 6 F.3d 1176, 1184.

■ Moreover, the general rule is that issues in a case are created by the pleadings and allegations to which the proof must correspond. (*City of Chicago v. Harris Trust & Savings Bank* (1977), 56 Ill. App. 3d 651, 371 N.E.2d 1182.) A party cannot have relief under proof without allegations. (*Gault v. Sideman* (1963), 42 Ill. App. 2d 96, 191 N.E.2d 436.) As the court stated in *Gault*:

> "It is an elementary rule of law that the issues in a case are formed by the pleadings and the allegations and proof must correspond, and a party cannot have relief under proof without allegations, nor under allegations without proof in support thereof. 'Accordingly a party must recover, if at all, on and according to the case he has made for himself in his pleadings, and he cannot make one case by his averments and have judgment on another and different ground without amendment, even though the different ground is established by the proof.'" *Gault*, 42 Ill. App. 2d at 104, 191 N.E.2d at 440, quoting 30 Ill. L. & Prac. *Pleading* § 215 (1957).

Plaintiffs' theory that defendants may have *looked* in the windows was not raised by the allegations of the complaint. Therefore, in the absence of any evidence to support the claim of actual trespass or the taking of photographs, summary judgment was properly granted to defendants.

■ In their cross-appeal, defendants claim the trial court erred in denying attorney fees as a sanction for plaintiffs' filing of a frivolous lawsuit. Defendants claim that because plaintiffs admitted in their depositions they had no evidence that defendants trespassed on their property or took photographs, they could not have undertaken a reasonable investigation prior to filing the complaint to determine if it was well-grounded in law and fact.

In denying the motion for sanctions, the trial court considered the circumstances as a whole and determined plaintiffs had some basis for the allegations of the complaint. This court has said, however, neither a test of good faith nor a concession that mistakes have been made comports with the affirmative obligation of Rule 137 to make a reasonable inquiry prior to the filing of pleadings. (*In re Marriage of Irvine* (1991), 215 Ill. App. 3d 629, 638, 577 N.E.2d 462, 468.) A court must use an objective standard to determine whether a

particular inquiry was reasonable, based upon the circumstances that existed at the time the pleading was filed. *Cmarko v. Fisher* (1990), 208 Ill. App. 3d 440, 445, 567 N.E.2d 352, 355.

We agree the court may have legitimately determined, in the exercise of discretion, that potential video surveillance may have justified the complaint but, on the record before us, we are troubled by the allegation that defendants trespassed upon plaintiffs' property. The allegation of trespass—a criminal act—can have serious repercussions in any context but particularly in a case such as this when it impugns defendants' core business practices. This allegation is distinct from a more generalized consideration of whether the complaint might have been legitimately filed on some other basis.

Because the trial court did not consider this allegation apart from its examination of the complaint, as a whole, we deem it appropriate to remand this matter to the trial court for further consideration. If the trial court determines that a violation of the rule did occur, the court is directed to then determine what, if any, attorney fees were expended on defendants' behalf as a proximate result of that violation.

For the foregoing reasons, the judgment of the circuit court of Sangamon County awarding summary judgment to defendants is affirmed. The order denying defendants' motion for sanctions is vacated and the cause is remanded to the circuit court for further proceedings.

Affirmed in part; vacated in part and remanded with directions.

KNECHT, P.J., and STEIGMANN, J., concur.