In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3299

Albert J. Muick,

Plaintiff-Appellant,

v.

Glenayre Electronics,

Defendant-Appellee.

Appeal from the United States District Court
for the Central District of Illinois.
No. 98 C 3187--Harold A. Baker, Judge.

Submitted October 9, 2001--Decided February 6, 2002

   Before Posner, Manion, and Rovner, Circuit
Judges.

   Posner, Circuit Judge.  Muick, at the
time an employee of Glenayre Electronics,
was arrested on charges of receiving and
possessing child pornography in violation
of federal law. At the request of federal
law enforcement authorities, Glenayre
seized from Muick's work area the laptop
computer that it had furnished him for
use at work and held it until a warrant
to search it could be obtained. He was
later convicted and imprisoned. He has
now sued his former employer, claiming
that Glenayre, acting under color of fed
eral law, seized "proprietary and
privileged personal financial and contact
data" contained in files in the computer,
in violation of the Fourth and Fifth
Amendments. He also charges that Glenayre
violated rights conferred on him by
Illinois law. The district court had
diversity as well as supplemental
jurisdiction over these claims.

   The district judge rightly granted
summary judgment to Glenayre on Muick's
federal claims. The only basis for a
federal suit against Glenayre, that is, a
suit for damages for violation of a
federal constitutional right, is the
Bivens doctrine, which the Supreme Court
has held to be inapplicable to corporate
defendants even when they are acting
under color of federal law. Correctional

Services Corp. v. Malesko, 122 S. Ct. 515 (2001). And in any event Glenayre was not acting under color of federal law. The federal agents wanted Glenayre to give them the laptop right away but it refused until the search warrant was issued (and so it had no choice) because the computer contained confidential corporate information. It was happy to take thecomputer away from Muick, for obvious reasons--it doubtless would have done so even if not asked to by the government-- but it was not happy to turn the computer over to the government. It held on to it for as long as it could, for purely selfish reasons. An agency relationship is created by voluntary agreement and obligates the agent to act on behalf of the principal. There was no agreement, express or implied, between the government and Glenayre to appoint the latter an agent of the former; nor did Glenayre behave as if there were such an agreement. Cf. Hanania v. Loren-Maltese, 212 F.3d 353, 357 (7th Cir. 2000).

Anyway Muick had no right of privacy in the computer that Glenayre had lent him for use in the workplace. Not that there can't be a right of privacy (enforceable under the Fourth Amendment if the employer is a public entity, which Glenayre we have just held was not) in employer-owned equipment furnished to an employee for use in his place of employment. If the employer equips the employee's office with a safe or file cabinet or other receptacle in which to keep his private papers, he can assume that the contents of the safe are private. O'Connor v. Ortega, 480 U.S. 709, 718-19 (1987); Shields v. Burge, 874 F.2d 1201, 1203-04 (7th Cir. 1989); Leventhal v. Knapek, 266 F.3d 64, 73-74 (2d Cir. 2001); United States v. Taketa, 923 F.2d 665, 673 (9th Cir. 1991); Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1335 (9th Cir. 1987); Gillard v. Schmidt, 579 F.2d 825, 828 (3d Cir. 1978); compare United States v. Bilanzich, 771 F.2d 292, 297 (7th Cir. 1985). But Glenayre had announced that it could inspect the laptops that it furnished for the use of its employees, and this destroyed any reasonableexpectation of privacy that Muick might have had and so scotches his claim. O'Connor v. Ortega, supra, 480 U.S. at 719; United States v. Simons, 206 F.3d 392, 398-99 (4th Cir. 2000);

Schowengerdt v. United States, 944 F.2d 483, 488-89 (9th Cir. 1991); American Postal Workers Union v. U.S. Postal Service, 871 F.2d 556, 560-61 (6th Cir. 1989); see also Gossmeyer v. McDonald, 128 F.3d 481, 490 (7th Cir. 1997); Sheppard v. Beerman, 18 F.3d 147, 152 (2d Cir. 1994); United States v. Bunkers, 521 F.2d 1217, 1220 (9th Cir. 1975). The laptops were Glenayre's property and it could attach whatever conditions to their use it wanted to. They didn't have to be reasonable conditions; but the abuse of access to workplace computers is so common (workers being prone to use them as media of gossip, titillation, and other entertainment and distraction) that reserving a right of inspection is so far from being unreasonable that the failure to do so might well be thought irresponsible.

Muick's state claims were dismissed under Rule 12(b)(6), that is, for failure to state a claim upon which relief could be granted. He challenges the dismissal of two of these claims, the first for promissory estoppel. He alleges that Glenayre "committed promissory estoppel by assigning and transferring Plaintiff to Defendant's Milton Keynes UK operation." (Milton Keynes is an English city.) Although federal pleading requirements (which of course are applicable even when the claim pleaded arises under state rather than federal law) are lax, a claim of promissory estoppel requires the allegation of a promise, Fischer v. First Chicago Capital Markets, Inc., 195 F.3d 279, 283 (7th Cir. 1999); M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1408 (7th Cir. 1991), here absent. See also Kiely v. Raytheon Co., 105 F.3d 734, 735-36 (1st Cir. 1997) (per curiam).

The second state-law claim is for invasion of the branch of the right of privacy that is called the right of seclusion and, among other things, protects an individual from intrusive surveillance. Restatement (Second) of Torts sec. 652B and comments a, b (1977). It is unsettled whether the common law of Illinois recognizes such a claim, Lovgren v. Citizens First Nat'l Bank of Princeton, 534 N.E.2d 987, 989 (Ill. 1989); Johnson v. Kmart Corp., 723 N.E.2d 1192, 1195 (Ill. App. 2000), but since it is generally recognized we may assume

for purposes of this appeal (and only for those purposes) that Illinois will recognize it, especially since Glenayre does not argue the contrary. The claim is unrelated to the contents of the laptop. The complaint alleges only, so far as the claim is concerned, that Glenayre, "without right or cause, hired Investigative Associates, a private agency, to perform surveillance on the Plaintiff, even though he was no longer in the Defendant's employ, thereby violating his common-law Right to Privacy by invading his seclusion." This is conclusional and rather vague, but it places the defendant on notice that it is charged with having hired a detective agency to investigate plaintiff in a manner that infringed his right against intrusive surveillance, and no more was required to withstand a motion to dismiss under Rule 12(b)(6). E.g., Scott v. City of Chicago, 195 F.3d 950, 952 (7th Cir. 1999); Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999). The claim may of course have no merit. The surveillance may not have been intrusive, cf. Hall v. InPhoto Surveillance Co., 649 N.E.2d 83, 85-86 (Ill. App. 1995); Kelly v. Franco, 391 N.E.2d 54, 58 (Ill. App. 1979); Bank of Indiana v. Tremunde, 365 N.E.2d 295, 298 (Ill. App. 1977), or Glenayre may have had a valid interest in investigating its former employee. Davis v. Temple, 673 N.E.2d 737, 744 (Ill. App. 1996); Mucklow v. John Marshall Law School, 531 N.E.2d 941, 946 (Ill. App. 1988). Both things may have been true. And the district court (and ultimately we) may decide that the line of authority in the Illinois Ap pellate Court that rejects the tort of seclusion altogether represents the better guess as to the position the state's highest court will ultimately take. But these are all matters to be taken up in further proceedings on remand. In all other respects the judgment is affirmed.

Affirmed in Part, Vacated in Part, and Remanded.