NO. 4-06-0296     Filed 1/9/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JAMES BURNS, Jr., | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Macon County |
| MASTERBRAND CABINETS, INC., | ) | No. 04L173 |
| a Delaware Corporation; GALLAGHER | ) | |
| BASSETT SERVICES, INC.; a Delaware | ) | |
| Corporation; METRO PRIVATE | ) | |
| INVESTIGATIONS, INC., an Alabama | ) | Honorable |
| Corporation; and JOHN T. KENNEDY III, | ) | Katherine M. McCarthy, |
|     Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE MYERSCOUGH delivered the opinion of the court:

On March 9, 2006, the trial court granted the section 2-615 (735 ILCS 5/2-615 (West 2004)) motion of defendant Masterbrand Cabinets, Inc. (Masterbrand), to dismiss plaintiff James Burns, Jr.'s complaint alleging Masterbrand committed the tort of intrusion upon seclusion of another. Earlier, on November 18, 2005, the court had already granted section 2-615 motions to dismiss the counts against defendants Gallagher Bassett Services, Inc. (Gallagher); Metro Private Investigations, Inc. (Metro); and John T. Kennedy alleging intrusion upon seclusion. Plaintiff appeals the court's orders dismissing his allegations of intrusion upon seclusion for failure to state a claim. Plaintiff argues that, although this court has yet to expressly recognize the tort of intrusion upon seclusion, the tort constitutes a cause of action in Illinois. We agree with plaintiff and reverse and

remand this case for further proceedings.

## I. BACKGROUND

On November 12, 2004, plaintiff filed a complaint in the circuit court of Macon County alleging that on April 3, 2000, plaintiff sustained a work injury to his thoracic spine while stacking wood onto a cart as part of his employment at Masterbrand. Plaintiff filed a claim with the Illinois Industrial Commission for workers' compensation. Masterbrand retained the services of codefendant Gallagher to adjust the claim and manage the litigation related to plaintiff's workers' compensation case.

Plaintiff alleges that prior to November 12, 2005, Gallagher retained codefendant Metro to perform personal surveillance of plaintiff. On November 13, 2002, an employee of Metro, Kennedy, approached plaintiff's mobile home and sought entry into his home under the false pretense that he was looking for a missing juvenile. Plaintiff alleged that Kennedy was holding the picture of a young girl when he approached his home. Once inside, plaintiff alleges that Kennedy asked him questions about the missing juvenile.

Kennedy used a hidden camera in a fanny pack to record plaintiff's movement and conversation while plaintiff was inside his home. Kennedy later filed an affidavit stating that the recording device did not record the conversation he had with plaintiff, only the visual interaction. On December 17, 2002,

- 2 -

Kennedy testified in plaintiff's workers' compensation case with regard to plaintiff's physical limitations. The entry into plaintiff's home was the basis for Kennedy's testimony. Plaintiff alleges that Kennedy admitted under oath at a prior arbitration hearing that he used a false story regarding a missing juvenile to gain access to plaintiff's home.

Plaintiff alleges the intrusion was highly offensive and that he sustained anguish and suffering as a direct and proximate cause of Kennedy's entrance into his home.

On November 18, 2005, the trial court granted defendants' Gallagher, Metro, and Kennedy's section 2-615 motion to dismiss the counts in plaintiff's complaint alleging defendants committed the tort of intrusion upon seclusion of another. The trial court's docket entry granting these three defendants' motion to dismiss stated as follows:

> "At the outset it should be noted that the Illinois Supreme Court has never specifically recognized a cause of action for intrusion into seclusion. In fact, the Supreme Court in Lovgren, specifically stated that its holding in that case did not imply a recognition of the cause of action by the [c]ourt. Following that decision, there has been a split in the [a]ppellate [c]ourt

- 3 -

[d]istricts concerning this cause of action. Interesting enough, all districts now seem to recognize this cause of action EXCEPT the Fourth District (<u>Bureau of Credit Control v. Scott</u>, 36 Ill. App. 3d 852 (4th [Dist.] , 1976)).  Although the Fourth District is now the only district which does not recognize this branch of privacy law, this [c]ourt is compelled to follow its rulings. Consequently, the [c]ourt GRANTS the [d]efendants' [m]otion to [d]ismiss [c]ounts II, III[,] and IV pursuant to [s]ection 2-615 of the Code of Civil Procedure for failure to state a cause of action since it is based upon the [p]laintiff's alleged right."

Defendant Masterbrand was not a party to the motion to dismiss.  On March 9, 2006, the trial court granted plaintiff leave to amend his complaint and add three additional counts alleging violations of the eavesdropping statute contained in the Criminal Code of 1961 (720 ILCS 5/14-1 through 14-9 (West 2004)). The court then granted defendant Masterbrand's section 2-615 motion to dismiss, stating, as it had done earlier in granting the other three defendants' motion, that this appellate district court does not recognize intrusion upon seclusion as a cause of action.

- 4 -

The court also made clear that it was dismissing all four counts of intrusion upon seclusion (one against each defendant) with prejudice. The court stated, "[Y]our appeal of right starts now. So that [c]ounts 2, 3, and 4, are hereby dismissed with prejudice as well. Then no just reason for delay or enforcement of said order." The docket entry also states, "No just reason for delay or enforcement of said [o]rder."

On April 10, 2006, plaintiff filed a notice of appeal, stating that pursuant to Supreme Court Rule 301 (155 Ill. 2d R. 301) he was appealing the trial court's order dismissing with prejudice counts I through IV of his complaint. Also on April 10, 2006, plaintiff filed a motion to voluntarily dismiss counts V through VII of his complaint, which alleged violations of the eavesdropping statute. Although plaintiff's motion requests the counts be dismissed pursuant to section 2-1008 (735 ILCS 5/2-1008 (West 2004)), which provides for the substitution of parties, the plaintiff's motion must be a request under section 2-1009 (735 ILCS 5/2-1009 (West 2004)), which provides for voluntary dismissal. On April 24, 2006, the court granted plaintiff's motion to dismiss counts V through VII without prejudice. The jurisdictional statement in plaintiff's appeal states that this court has jurisdiction to hear this appeal pursuant to Supreme Court Rules 301 and 304(a). 155 Ill. 2d R. 301; 210 Ill. 2d R. 304(a). We review this case under our authority in Supreme Court

- 5 -

Rules 301 and 304(a).

## II. ANALYSIS

We review de novo an appeal from a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure. Beahringer v. Page, 204 Ill. 2d 363, 369, 789 N.E.2d 1216, 1221 (2003). The trial court dismissed plaintiff's complaint that alleged defendants committed the tort of intrusion upon seclusion of another. The court's order states that the court is compelled to follow the Fourth District's opinion in Scott, 36 Ill. App. 3d 1006, 345 N.E.2d 37, in which this court refused to recognize the tort of intrusion upon seclusion.

We recognize that the trial court was put in the awkward position of conflicting appellate authority regarding whether a cause of action for intrusion upon seclusion exists in Illinois. On one hand, this district has refused to recognize the tort in Scott, 36 Ill. App. 3d 1006, 345 N.E.2d 37, and Hall v. InPhoto Surveillance Co., 271 Ill. App. 3d 852, 649 N.E.2d 83 (1995). However, a close examination of the relevant case law reveals that a uniform result among the other four districts supports the conclusion that the tort of intrusion upon seclusion is actionable in Illinois. All other districts are unanimous in recognizing this tort. And although the appellate court in Illinois is a single entity (People v. Layhew, 139 Ill. 2d 476, 489, 564 N.E.2d 1232, 1238 (1990)), the supreme court has held

that, "[W]hen conflicts arise amongst the districts, the circuit court is bound by the decisions of the appellate court of the district in which it sits." Aleckson v. Village of Round Lake Park, 176 Ill. 2d 82, 92, 679 N.E.2d 1224, 1229 (1997), citing State Farm Fire & Casualty Co. v. Yapejian, 152 Ill. 2d 533, 539-40, 605 N.E.2d 539, 542 (1992).

Now, in keeping with the other districts, this court expressly recognizes that the tort of intrusion upon seclusion is actionable in Illinois. This district has addressed the tort twice. First, in 1976 the court heard Scott, in which Peggy Scott filed a complaint against a credit company for placing at least 15 harassing phone calls to her at home, work, and her parents' home during the first three weeks of August 1976. Scott, 36 Ill. App. 3d at 1007, 345 N.E.2d at 38. Scott claimed that during these phone calls, the bureau's agent shouted at her, called her "a deadbeat," criticized her moral character, threatened court action, and threatened to continue the phone calls until the debt was paid. Scott, 36 Ill. App. 3d at 1007, 345 N.E.2d at 38. Scott claimed that the calls continued despite her demands for the calls to stop. Scott, 36 Ill. App. 3d at 1007, 345 N.E.2d at 38. Scott claimed that the phone calls caused her a loss of sleep, a loss of appetite, and headaches for which she sought medical attention. Scott, 36 Ill. App. 3d at 1007, 345 N.E.2d at 38.

This court was faced with the question of whether Scott

- 7 -

had filed a legally sufficient complaint. <u>Scott</u>, 36 Ill. App. 3d at 1007, 345 N.E.2d at 39. This court held that Scott had alleged a sufficient claim for the tort of intentional infliction of emotional distress in count I of her complaint and that the remaining counts in her petition were dismissed. <u>Scott</u>, 36 Ill. App. 3d at 1008-09, 345 N.E.2d at 39-40. The court stated:

> "It would unduly prolong this opinion to discuss all of the Illinois cases in which plaintiffs have sought to establish remedies similar to, or identical with, those sought [in the additional counts, which included intrusion upon seclusion]. It appears that a cause of action for invasion of privacy may be stated for unauthorized use of an individual's name or likeness for commercial purposes. [Citations.] *** We are aware of no other Illinois cases upholding a complaint alleging invasion of privacy. <u>In this case</u>, we see no need to create additional remedies. Scott has a remedy under [c]ount I of the counterclaim." (Emphasis added.) <u>Scott</u>, 36 Ill. App. 3d at 1008-09, 345 N.E.2d at 40.

Our court again revisited the issue in 1995 in <u>Hall</u>, 271 Ill. App. 3d 852, 649 N.E.2d 83. In <u>Hall</u>, we refused to

- 8 -

decide whether to recognize the tort of intrusion upon seclusion because the plaintiff failed to allege facts that would satisfy the four elements of the tort. Hall, 271 Ill. App. 3d at 855, 649 N.E.2d at 85. This court has not addressed the issue in a published opinion since Hall.

However, since our decision in Scott, all four of the other appellate districts in the state have explicitly recognized that a cause of action exists for the tort of intrusion upon seclusion. See Melvin v. Burling, 141 Ill. App. 3d 786, 490 N.E.2d 1011 (1986) (Third District); Davis v. Temple, 284 Ill. App. 3d 983, 673 N.E.2d 737 (1996) (Fifth District); Benitez v. KFC National Management Co., 305 Ill. App. 3d 1027, 714 N.E.2d 1002 (1999) (Second District); Johnson v. K Mart Corp., 311 Ill. App. 3d 573, 723 N.E.2d 1192 (2000) (First District); Schmidt v. Ameritech Illinois, 329 Ill. App. 3d 1020, 768 N.E.2d 303 (2002) (First District).

Although the Supreme Court of Illinois often resolves conflict among the appellate districts, the supreme court has not expressly addressed whether the tort of intrusion upon seclusion is actionable in Illinois. In Lovgren v. Citizens First National Bank of Princeton, 126 Ill. 2d 411, 534 N.E.2d 987 (1989), the supreme court refused to decide whether to recognize the tort, saying that, in any case, the plaintiff in Lovgren did not satisfy the elements of the tort. The court's opinion also expressly

- 9 -

stated that its discussion of intrusion upon seclusion does not imply the court's recognition that the tort constitutes a cause of action in Illinois. Lovgren, 126 Ill.2d at 417, 534 N.E.2d at 989. However, Valley Forge Insurance Co. v. Swiderski Electronics, Inc., No. 101261, slip op. at 12 (November 30, 2006), ___ Ill. 2d ___, ___, ___ N.E.2d ___, ___, the court noted that Black's Law Dictionary's definition of "right of privacy" "refers the reader to the entry for 'invasion of privacy,' which is defined as '[a]n unjustified exploitation of one's personality or intrusion into one's personal activities' and includes 'invasion of privacy by intrusion' ***. [Citation.] [Invasion of privacy by intrusion is] defined as '[a]n offensive, intentional interference with a person's seclusion or private affairs' ***. [Citation.] In addition, Webster's defines 'privacy' as 'the quality or state of being apart from the company or observation of others: seclusion.' [Citation]."

The Valley Forge court further stated as follows:

"These definitions confirm that 'right of privacy' connotes *** an interest in seclusion ***. Accordingly, the policy language 'material that violates a person's right of privacy' can reasonably be understood to refer to material that violates a person's seclusion." Valley Forge, slip

op. at 12, __ Ill. 2d at __, __ N.E.2d at __.

In the case <u>sub</u> <u>judice</u>, plaintiff has alleged the four elements of the tort set forth in <u>Melvin</u>: (1) an unauthorized intrusion or prying into the plaintiff's seclusion, (2) the intrusion must be offensive or objectionable to a reasonable man, (3) the matter upon which the intrusion occurs must be private, and (4) the intrusion causes anguish and suffering. <u>Melvin</u>, 141 Ill. App. 3d at 789, 490 N.E.2d at 1013-14, citing W. Prosser, <u>Torts</u> §112, at 832-34 (3d ed. 1964); see also W. Keeton, Prosser and Keeton on Torts §117, at 854-67 (5th ed. 1984). We also acknowledge the Restatement's definition, which says, "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts §652B, at 378 (1977).

Finally, codefendants Gallagher and Masterbrand's arguments regarding vicarious liability are also not properly before this court. Plaintiff appeals from the trial court's ruling dismissing his complaint for failure to state a cause of action. The appeal is before this court pursuant to Supreme Court Rules 301 and Rule 304(a). Rule 301 provides for appeals from final orders of the trial court, and Rule 304(a) provides for appeals from final judgments that do not dispose of all the claims

- 11 -

pending in the court.  The trial court made no findings and issued no final and appealable order regarding codefendants' liability. Therefore, issues of vicarious liability are not ripe for review at this time.

### III. CONCLUSION

Based on the foregoing reasons, we reverse the trial court's order granting defendants' motions to dismiss and remand for further proceedings.

Reversed and remanded.

STEIGMANN, P.J., and COOK, J., concur.